**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **CHARLES MARSO WILLIAMS, A/K/A** | § | |
| **CHARLES MAROS WILLIAMS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:20-cv-00664-P-BP** |
| | § | |
| **DEUTSCHE BANK NATIONAL TRUST** | § | |
| **COMPANY, *et al.*,** | § | |
| | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are the Motions to Dismiss and Briefs in Support of Defendants Justice of the Peace Precinct Seven, Kenneth Sanders in Tarrant County ("Judge Sanders"), and Office of the Constable, Clint C. Burgess in Tarrant County ("Constable Burgess") (ECF No. 8) filed on July 1, 2020; Deutsche Bank National Trust Company, as Trustee ("the Bank") (ECF No. 10) filed on July 2, 2020; and Stephen Wu ("Wu") (ECF No. 12) filed on July 16, 2020. As of the date of this Findings, Conclusions, and Recommendation, Plaintiff has not filed a response to Defendants' Motions.

Based upon a full review of the relevant pleadings on file and the applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Mark T. Pittman **DISMISS WITHOUT PREJUDICE** Plaintiff's claims against Defendants Judge Sanders, Constable Burgess, and Wu. The undersigned further **RECOMMENDS** if Plaintiff does not file an amended complaint within the fourteen (14) days allotted for objections to this Findings, Conclusion, and Recommendations, or a deadline otherwise set by the Court, Judge Pittman should **GRANT** the Bank's Motion to Dismiss (ECF No. 10) and **DISMISS** Williams's claims the Bank **WITH PREJUDICE** for failure to state a claim. If Plaintiff timely files an amended

complaint, however, the Motion to Dismiss should be **DENIED AS MOOT**, and the action should be allowed to proceed against the Bank on the amended complaint.

## I.    BACKGROUND

This case began on June 2, 2020 in the 17th Judicial District Court of Tarrant County, Texas, when Plaintiff Charles Marso Williams ("Williams") sought a temporary restraining order and permanent injunction due to fraud, misrepresentation, and unlawful foreclosure regarding property he owned located at 853 Thomas Crossing Drive, Fort Worth, Tarrant County, Texas. ECF No. 1 at 14. The Defendants in the case are the Bank, which apparently obtained a writ of possession against Williams concerning the property; Judge Sanders, who issued the writ; Constable Burgess, who issued a final notice to Williams to vacate the property; and Wu, who appears to have been an attorney associated with the Bank in the state court proceeding that resulted in the issuance of the writ and the substitute trustee on Williams's deed of trust. *Id.* at 18-19, 28. The Bank removed the case to this Court based on diversity jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446, on June 25, 2020. *Id.* at 7. In support of its claim of diversity jurisdiction, the Bank asserts that Williams is a citizen of Texas, the Bank is a citizen of California, and the citizenship of the remaining defendants is irrelevant because they were fraudulently joined or are nominal parties. *Id.* at 3-5.

Judge Sanders and Constable Burgess seek dismissal under Federal Rules of Civil Procedure 12(b)(1) and (6). ECF No. 8 at 1. They argue that there is no case or controversy between Williams and them because Williams's claims are for wrongful foreclosure against the Bank and Wu, not against Judge Sanders, who presided over a judicial proceeding that resulted in the issuance of a writ of possession, and Constable Burgess, who served a notice on Williams to vacate pursuant to Judge Sanders's writ. *Id.* at 3-4. They also challenge the lack of specificity in

Williams's pleadings, note that Williams sued improper non-jural entities instead of suing them directly, assert that Judge Sanders is entitled to judicial immunity and Constable Burgess is entitled to quasi-judicial immunity, and that Williams's claims are barred by governmental immunity. *Id.* at 5-9.

The Bank seeks dismissal under Federal Rule of Civil Procedure 12(b)(6) because Williams fails to state "a discernible cause of action…." ECF No. 10 at 1-3. It alleges further that Williams's pleadings do not state a plausible claim for relief because they are not adequately developed. *Id.* It argues that Williams's pleading should be dismissed as a matter of law, and that his wrongful eviction claim fails because he remains in possession of the disputed property. *Id.* at 4-5. The Bank contends that Williams does not meet the heightened pleading standard for claims of fraud, and he cannot show any damages for the alleged fraud. *Id.* at 5. Finally, the Bank contends Williams's request for injunctive relief should be dismissed because his underlying claims fail as a matter of law. *Id.* at 5-6.

Wu seeks dismissal pursuant to § 51.007 of the Texas Property Code and Federal Rule of Civil Procedure 12(b)(6). ECF No. 12 at 1. He argues that he must dismissed from this suit without prejudice because after he filed his verified denial under § 51.007, Williams failed to timely respond. *Id.* at 1-3. Wu filed a verified denial in the state court on June 15, 2020, asserting that he reasonably believes he was named solely in his capacity as a trustee. *Id.* Williams's response to this pleading was due July 15, 2020, but he failed to timely respond. *Id.* Wu also argues that the petition should be dismissed because Williams failed to state a claim against him. *Id.* at 3-5.

On July 6 and July 17, 2020, the undersigned ordered Williams to respond to the Defendants' Motions. ECF Nos. 11 and 13. Williams has not filed a response.

## II.    LEGAL STANDARD

### A.    Federal Rule of Civil Procedure 12(b)(1)

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint based on lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Because "[f]ederal courts are courts of limited jurisdiction[, t]hey possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). If a Court lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3). In determining whether subject matter jurisdiction exists, a court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *CleanCOALition v. TXU Power*, 536 F.3d 469, 473 (5th Cir. 2008) (quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)).

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)). This "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Id.* Dismissal for lack of subject matter jurisdiction "is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Id.* "The district court may dismiss for lack of subject matter jurisdiction based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the

4

court's resolution of disputed facts." *Lowe v. ViewPoint Bank*, 972 F. Supp. 2d 947, 953 (N.D. Tex. 2013) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). "A motion to dismiss based on the complaint alone presents a 'facial attack' that requires the court to merely decide whether the allegations in the complaint, taken as true, sufficiently state a basis for subject matter jurisdiction." *Id.* (citing *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981)). "If sufficient, those allegations alone provide jurisdiction." *Paterson*, 644 F.2d at 523. "When evidence is presented with the motion to dismiss, the attack is 'factual' and 'no presumptive truthfulness attaches to [the] plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.'" *Lowe*, 972 F. Supp. 2d at 953 (quoting *Williamson*, 645 F.2d at 413).

### B.    Improper Joinder

The purpose of an improper joinder inquiry is to determine whether the federal court has jurisdiction over a removed case with an in-state defendant as a party. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 202 (5th Cir. 2016). "A defendant is improperly joined if the moving party establishes that (1) the plaintiff has stated a claim against a diverse defendant that he fraudulently alleges is nondiverse, or (2) the plaintiff has not stated a claim against a defendant that he properly alleges is nondiverse." *Id.* at 199. If the defendant is properly joined, then the federal court has no jurisdiction over the case and must remand it. *Id.* at 209; *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 575 (5th Cir. 2004).

The second method of proving improper joinder requires a court to find "no reasonable basis . . . to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* at 573. The burden is on the defendant seeking removal to demonstrate that the district court has no reasonable basis to predict that the plaintiff might be able to recover against the nondiverse

defendant. *Id.* This is a heavy burden to bear. *Crockett v. R. J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006).

To determine whether a reasonable basis exists, a court must either "conduct a Rule 12(b)(6)-type analysis" or "in its discretion, pierce the pleadings and conduct a summary inquiry." *Int'l Energy Ventures*, 818 F.3d at 207 (quoting *Smallwood*, 358 F.3d at 573). When doing so, a court must apply the federal pleading standard. *Id*. at 208. This requires the plaintiff's pleading to contain facts to state a claim to relief that is plausible on its face, providing more than a mere possibility of recovery. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Moreover, the pleading must provide more than "labels and conclusions" and do more than merely restate the elements of a cause of action. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Smallwood*, 358 F.3d at 573.

### C.    Federal Rule of Civil Procedure 12(b)(6)

Rule 12(b)(6) permits dismissal of a complaint for failure to state a claim upon which relief can be granted. The Rules require that each complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). A complaint must include factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In considering a Rule 12(b)(6) motion, courts "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff . . . and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Twombly*, 550 U.S. at 547). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

In ruling on a motion to dismiss, a court may consider documents outside the complaint when they are: (1) attached to the motion to dismiss; (2) referenced in the complaint; and (3) central to the plaintiff's claims. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Additionally, a court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment. *See Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) ("Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.") (citation and quotation marks omitted).

### D.    *Pro se* pleading standards

A *pro se* plaintiff's pleadings are liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A "*pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* However, as noted above, a court may dismiss a complaint with prejudice if the plaintiff has pleaded his best case. *Jones v. Greninger*, 188 F.3d at 326–27 (citing *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986); *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)).

### E.    Dismissal with or without prejudice

There exists a "well-established policy that the plaintiff be given every opportunity to state a claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)). It is federal policy to decide cases on the merits rather than technicalities, and thus when possible the Fifth Circuit has recommended that suits be dismissed without prejudice on Rule 12 motions. *Great Plains Tr. Co. v. Morgan Stanley Dean*

*Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *Hines v. Wainwright*, 539 F.2d 433, 434 (5th Cir. 1976) (vacating and remanding a Rule 12(c) dismissal with instructions to the district court to dismiss without, instead of with, prejudice). As a result, courts generally allow plaintiffs at least one opportunity to amend following a Rule 12 dismissal on the pleadings. *Great Plains Tr. Co.*, 313 F.3d at 329; *see In re Online Travel Co. (OTC) Hotel Booking Antitrust Litig.*, 997 F. Supp. 2d 526, 548–49 (N.D. Tex. 2014) (Boyle, J.) (dismissing for failure to state a claim without prejudice, as dismissing with prejudice would be "too harsh a sanction").

Nonetheless, courts may appropriately dismiss an action with prejudice if the court finds that the plaintiff has alleged its best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999). Likewise, a court may dismiss an action with prejudice without affording plaintiff the chance to amend where the court invited the plaintiff to respond to the motion to dismiss, but he failed to do so. *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995). If the court "outline[s] in [its] opinion the deficiencies" of plaintiff's pleading and "plaintiff nevertheless cannot . . . amend to satisfy [the relevant pleading standard,] the court can then dismiss the complaint with the assurance that plaintiff has been shown all the deference he is due." *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2-*3 (quoting *Barber v. G.H. Rodgers*, No. CA3-84-1750-D (N.D. Tex. Sept. 13, 1988)). Moreover, courts may dismiss an action with prejudice without permitting amendment if the defendant is entitled to absolute immunity because the "plaintiff will never have a claim against the defendant based on the particular facts alleged." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994).

III.    **ANALYSIS**

A.    **The Court has Jurisdiction Because Judge Sanders, Constable Burgess, and Wu were Improperly Joined.**

The Bank removed this action to federal court under diversity jurisdiction, arguing that it was a citizen of California and Judge Sanders, Constable Burgess, and Wu were fraudulently joined or were nominal parties only. ECF No. 1 at 3-6. Using a Rule 12(b)(6)-type analysis, the Court must determine whether Williams can possibly state any claim against the allegedly improperly joined defendants that would defeat diversity jurisdiction. *Smallwood*, 385 F.3d at 573.

Liberally construed, Williams's petition alleges the defendants "unlawfully foreclosed on property after they were contact and in which they were found to be in default of documents for resolution and settlement." ECF No. 1 at 15. Additionally, he alleges the defendants engaged in fraud and misrepresentation, and he seeks injunctive relief. *Id.* at 16. Williams included with his petition a copy of the Final Notice to Vacate delivered by Constable Burgess and the Writ of Possession signed by Judge Sanders on May 27, 2020 that was attached to the Final Notice. ECF No. 1 at 18-20. Williams's accompanying affidavit repeats the allegations stated in the petition. Nowhere else in his petition does he mention Judge Sanders or Constable Burgess, and he wholly fails to state any facts that concern Wu.

The Court concludes that Williams cannot state any claim against Judge Sanders and Constable Burgess on account of the alleged wrongful foreclosure in this case. The actions of Judge Sanders in issuing the Writ of Possession and of Constable Burgess in serving the Final Notice to Vacate cannot form the basis of a claim for wrongful foreclosure, fraud, or misrepresentation. Williams's claims against Judge Sanders and Constable Burgess should be dismissed because judicial immunity shields Judge Sanders, and quasi-judicial immunity exempts Constable Burgess from liability on the facts alleged.

Williams sued Judge Sanders in his official capacity because he named "Justice of the Peace Precinct Seven, Kenneth Sanders" in his petition. ECF No. 1 at 15. Although it does not say so specifically, Williams's petition appears to allege that Judge Sanders engaged in unlawful foreclosure because he does not distinguish Judge Sanders's actions in this case from the actions of other defendants. *See id.* at 15-16. But Williams alleges no action that Judge Sanders took other than signing the Writ of Possession that he issued in Case No. JP07-20-E00097769, the case between the Bank and Williams, Terrie B. Williams, and all Occupants in Williams's residence. *Id.* at 19.

Judge Sanders has judicial immunity from civil actions for any judicial act over which his court has jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978) (citing *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)). Judicial immunity is an immunity from suit, not just from the ultimate assessment of damages. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Allegations of bad faith, malice, or corruption do not overcome judicial immunity. *Id.* Judicial immunity is inapplicable only when: (1) a judge takes an action that is not within his or her official capacity; or (2) as it concerns judicial actions "taken in the complete absence of all jurisdiction." *Id.* Courts must construe jurisdiction broadly for purposes of judicial immunity. *Adams v. McIlhany*, 764 F.2d 294, 299 (5th Cir. 1985) (citing *Stump*, 435 U.S. at 356-57).

Constable Burgess enjoys quasi-judicial immunity from civil actions for any act taken in the course of executing a judicial order at the direction of a judge. *Stump*, 435 U.S. at 356. Judicial immunity not only protects judges during their performance of judicial acts, but also extends to officers who perform judicial functions in accordance with a court directive. *See Clay v. Allen,* 242 F.3d 679, 682 (5th Cir. 2001)). However, this quasi-judicial immunity only protects the officer for actions taken that are within the scope of the judicial order. *In re Foust*, 310 F.3d 849, 955 (5th

Cir. 2002). Williams alleges that Constable Burgess engaged in unlawful foreclosure. ECF No. 8 at 6. However, he fails to state a claim upon which relief can be granted because Constable Burgess enjoys quasi-judicial immunity, and Williams did not allege any exception to the doctrine of judicial immunity.

Likewise, Williams cannot recover from Wu on the facts alleged in his petition because he has not alleged that foreclosure has occurred. Williams's petition reflects that he continues to reside in the property that was the subject of the Bank's foreclosure efforts. *See* ECF No. 1 at 14. There is no cause of action in Texas for attempted wrongful foreclosure. "A claim of wrongful foreclosure cannot succeed, however, when no foreclosure has occurred." *Foster v. Deutsche Bank Nat'l Trust Co.*, 848 F.3d 403, 406 (5th Cir. 2017); *Biggers v. BAC Home Loans Servicing, LP*, 767 F. Supp. 2d 725, 729 (N.D. Tex. 2011) ("Texas courts have yet to recognize a claim for 'attempted wrongful foreclosure.' ").

Moreover, to the extent that Williams names Wu as the substitute trustee under a deed of trust, Section 51.007 of the Texas Property Code permits a trustee or substitute trustee to plead a verified denial that he is not a necessary party because he reasonably believes that he was named as a party solely in his capacity of trustee. *See* Tex. Prop. Code Ann. § 51.007(a). A plaintiff must file a verified response to the trustee's verified denial within thirty days. *Id.* § 51.700(b). If he fails to respond or object within thirty days, the trustee must be dismissed from the suit without prejudice. *Id.* § 51.007(c). As previously noted, Wu filed a verified denial under the provisions of § 51.007 in the state court on June 15, 2020. ECF No. 12 at 1. Under § 51.007(e), dismissal of Wu would not prejudice Williams's right to later assert a claim for injunctive relief. However, the Court cannot discern any possible claim Williams might state against Wu under the facts alleged in the petition for damages or injunctive relief.

After conducting a Rule 12(b)(6)-type analysis, the Court concludes that Williams cannot reasonably state a claim against Judge Sanders, Constable Burgess, and Wu. Accordingly, the Court determines that they were improperly joined as defendants in this case, and Judge Pittman should dismiss Williams's claims against them without prejudice. *Alviar v. Lillard*, 854 F.3d 286, 291-92 (5th Cir. 2017) (quoting *Int'l Energy Ventures Mgmt., L.L.C.*, 818 F.3d at 210) ("[T]he dismissal of a nondiverse party over whom the court does not have jurisdiction must be a dismissal *without* prejudice in every instance.").

**B.    The Court Should Grant the Bank's Motion to Dismiss under Rule 12(b)(6) for Failure to State a Claim.**

1.   Williams's petition states insufficient facts to plead wrongful foreclosure.

Williams's petition states the thinnest of facts in support of his claim of "violation of reservation of rights or an unlawful foreclosure." ECF No. 1 at 14. The Bank argues that these claims should be dismissed because Williams "fails to articulate a discernible cause of action." ECF No. 10 at 3. To be entitled to recover for wrongful foreclosure, Williams must prove "(i) a defect in the foreclosure sale proceedings; (ii) a grossly inadequate selling price; and (iii) a causal connection between the defect and the grossly inadequate selling price." *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 767–68 (5th Cir. 2016) (quoting *Miller v. Home Loans Servicing, L.P.*, 726 F.3d 717, 726 (5th Cir. 2013)). Williams's allegations here are conclusory and are not adequate to support any defects in foreclosure sale proceedings as required by the Texas Property Code or that there is a casual connection between the alleged defects and any inadequate selling price.

Williams claims that "unknown parties came to my property or properties and said that Applicant property and or properties had been sold." ECF No. 1 at 15-16. Williams alleges that the unknown parties "said they had to move because they had purchase [sic] the property [and] they did not give a name." *Id.* at 16. Williams attached to his petition the Final Notice to Vacate

signed by Constable Burgess and the Writ of Possession signed by Judge Sanders. *Id.* at 26-27.

Other than his assertion that the defendants violated his "reservation of rights by an unlawful

foreclosure," Williams pleads no facts to support a claim for wrongful foreclosure. *Id.* at 14.

2. <u>Williams's petition insufficiently pleads a claim for fraud.</u>

Additionally, Williams's petition states the barest of facts in support of his request for

"temporary restraining order/permanent injunction due to fraud or misrepresentation." ECF No. 1

at 14. The Bank argues that Williams's request for preliminary injunction should be dismissed

because he "fails to state a viable claim for fraud." ECF No. 10 at 4. In Texas the elements for

common law fraud Williams must prove are: (1) a defendant made a false material representation

to the plaintiff with knowledge of the statement's falsity or a reckless disregard as to its truth, (2)

the defendant intended the plaintiff to rely on the statement, (3) the plaintiff relied on the statement,

and (4) the statement caused damage to the plaintiff. *See Formosa Plastics Corp. USA v. Presidio

Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1998).

A claim for common law fraud must meet the heightened pleading standard required by

Federal Rule of Civil Procedure 9(b). Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party

must state with particularity the circumstances constituting fraud or mistake."); *see also Biliouris

v. Sundance Res., Inc.*, 559 F. Supp. 2d 733, 736 (N.D. Tex. 2008) (applying Rule 9(b)'s heightened

pleading standard to claims for common-law fraud, statutory fraud, and negligent

misrepresentation). "A dismissal for failure to state fraud with particularity as required by Rule

9(b) is a dismissal on the pleadings for failure to state a claim," and so the Court "must accept the

complaint's well-pleaded factual allegations as true." *Shushany v. Allwaste, Inc.*, 992 F.2d 517,

520 (5th Cir. 1993).

"At a minimum, Rule 9(b) requires allegations of the particulars of time, place, and

13

contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) (quotation omitted). "Put simply, Rule 9(b) requires the who, what, when, where, and how to be laid out." *Id.* (quotation omitted). The Fifth Circuit has further explained that, "[a]lthough Rule 9(b) expressly allows scienter to be 'averred generally', simple allegations that defendants possess fraudulent intent will not satisfy Rule 9(b)" and that "[t]he plaintiffs must set forth specific facts supporting an inference of fraud." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008) (internal quotation marks and citations omitted). "Facts that show a defendant's motive to commit the fraud may sometimes provide a factual background adequate for an inference of fraudulent intent." *United States ex rel. Willard v. Humana Health Plan of Texas*, 336 F.3d 375, 384 (5th Cir. 2003).

Williams claims that he will "suffer immediate and irreparable injury, loss, or damage if Respondents conduct described above is not enjoined for these reasons: Applicant is about to be harm[ed] due to wrongful act from an unlawful foreclosure." ECF No. 1 at 16. Other than his assertion that he will be harmed by the defendants' proposed "unlawful foreclosure," Williams pleads no facts with particularity to support a claim for fraud or misrepresentation. He does not come close to pleading the "who, what, when, where, and how" of the alleged fraudulent acts of which he complains, and his petition should be dismissed for this reason.

### 3. Williams has failed to show that he is entitled to injunctive relief.

At the outset, the Court notes that Williams has failed to plead the necessary elements to be entitled to injunctive relief. He has not pleaded and set forth facts that

> (1) There is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury [to the movant] outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction will not disserve the public interest.

14

*Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987).

Moreover, to the extent Williams's petition seeks to enjoin state action to enforce a final eviction proceeding, the Court lacks subject-matter jurisdiction to do so under the Anti-Injunction Act and the *Rooker-Feldman* doctrine. *EEOC v. Agro Distrib., LLC*, 555 F.3d 462, 467 (5th Cir. 2009) (courts must consider *sua sponte* whether jurisdiction is proper even in the absence of an objection). "The Anti-Injunction Act generally prohibits federal courts from interfering with proceedings in state court." *Vines v. Univ. of Louisiana at Monroe*, 398 F.3d 700, 704 (5th Cir. 2005) (citing 28 U.S.C. § 2283). A court may not grant injunctive relief that would enjoin a party "from enforcing a valid extant judgment of a Texas court." *Knoles v. Wells Fargo Bank, N.A.*, 513 F. App'x 414, 416 (5th Cir. 2013).

In a similar vein, "the *Rooker-Feldman* doctrine holds that inferior federal courts do not have the power to modify or reverse state court judgments" without express congressional authorization. *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 462 (5th Cir. 2004) (internal quotation marks and citation omitted); *see D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). The doctrine applies only in "cases brought by state court-losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). This includes cases in which "the plaintiff's federal claims are so inextricably intertwined with a state judgment that the federal court is in essence being called upon to review the state court decision." *Ill. Cent. R.R. Co. v. Guy*, 682 F.3d 381, 390-91 (5th Cir. 2012) (quotation marks and citation omitted). Both the Anti-Injunction Act and the *Rooker-Feldman* doctrine bar Williams's requested injunctive relief to the extent he seeks to restrain actions to enforce a final state court judgment.

Under Texas law, a forcible detainer action permits a court to determine which party has the immediate right to possession of a property. *E.g.*, *Schlichting v. Lehman Bros. Bank FSB*, 346 S.W.3d 196, 198 (Tex. App.—Dallas 2011, pet. dism'd). Where the requested injunctive relief would restrain a party from executing a writ of possession lawfully obtained by a Texas court, a federal district court lacks jurisdiction to grant such relief. *Knoles*, 513 F. App'x at 416; *Brinson v. Universal Am. Mortg. Co.*, No. CIV.A. G-13-463, 2014 WL 722398, at *3 (S.D. Tex. Feb. 24, 2014). To the extent that Williams requests this Court to restrain the Bank from executing on a writ of possession, he is seeking "injunctive relief that would restore the possession he lost in the earlier litigation." *Knoles*, 513 F. App'x at 416. This requested relief falls outside of the Court's jurisdiction because of the Anti-Injunction Act and the *Rooker-Feldman* doctrine. *Alexander v. Carrington Mortg. Servs., LLC*, No. 4:15-CV-332-Y, 2015 WL 12533062, at *1 (N.D. Tex. June 29, 2015); *Grace v. Everhome Mortg. Co.*, No. 3:13-CV-4563-B, 2014 WL 12531164, at *1 (N.D. Tex. May 28, 2014); *Ave. v. HSBC Bank USA, Nat'l Ass'n*, No. 3:13-CV-1868-B, 2013 WL 12126286, at *1 (N.D. Tex. May 31, 2013). Because the Anti-Injunction Act and *Rooker-Feldman* doctrine bar Williams's claim for injunctive relief, and he has not pleaded facts necessary to show that he is entitled to such relief, the Court should dismiss his claim for an injunction.

## IV.    OPPORTUNITY TO AMEND

For the reasons previously stated, Williams's claims against Judge Sanders, Constable Burgess, and Wu must be dismissed without prejudice because they were improperly joined. Williams's claims against the Bank are conclusory, fail to allege fraud with specificity as required by the Federal Rules of Civil Procedure, and seek injunctive relief that the Court cannot grant under existing precedent. Additionally, Williams failed to respond to the Bank's Motion to Dismiss after the Court ordered him to do so. Nevertheless, given Williams's *pro se* status and the paucity

of facts alleged in his petition, the Court cannot say that Williams could not plead a valid claim against the Bank if given an opportunity to replead. Accordingly, the court should dismiss his claims against the Bank, but grant him leave to file an amended complaint against the Bank that complies with this Order.

## V.    CONCLUSION

For these reasons, the undersigned **RECOMMENDS** that Judge Pittman **DISMISS WITHOUT PREJUDICE** Plaintiff's claims against Judge Sanders, Constable Burgess, and Wu. The undersigned further **RECOMMENDS** if Plaintiff does not file an amended complaint within the fourteen (14) days allotted for objections to this Findings, Conclusions, and Recommendation, or a deadline otherwise set by the Court, Judge Pittman should **GRANT** the Bank's Motion to Dismiss (ECF No. 10) and **DISMISS** Williams's claims against the Bank **WITH PREJUDICE** for failure to state a claim. If Plaintiff timely files an amended complaint, however, the Motion to Dismiss should be **DENIED AS MOOT**, and the action should be allowed to proceed against the Bank on the amended complaint.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual

findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed October 6, 2020.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE